# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

    vs.                            Civ. No. 11-623 MV/ACT

$2,279.00 in UNITED STATES CURRENCY,

      Defendant,

and

DONALD DALE DUNCAN,

      Claimant.


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Plaintiff's Motion for Default Judgment and
Motion for Certificate of Reasonable Cause, filed May 10, 2013. [Docs. 17, 18.] On May 16,
2013, Claimant filed a Response. [Doc. 19.]   On June 3, 2013, Plaintiff filed a Reply.  [Doc. 21.]
Having considered the parties' submissions and the relevant law, the Court recommends that
Plaintiff's Motion for Default Judgment and Motion for Certificate of Reasonable Cause be
GRANTED.

## PROCEDURAL BACKGROUND

On July 14, 2011, Plaintiff filed a Verified Complaint for Forfeiture *in Rem*. [Doc. 1.]
The "res" or property which is the subject of the action consists of Two Thousand Two Hundred

---

[1]  On Order of Reference [Doc. No. 20] was entered on May 23, 2013, referring this case to Magistrate
Judge Alan C. Torgerson to conduct, hearings, if warranted, including evidentiary hearings, and to perform any legal
analysis required to recommend to the Court an ultimate disposition of the case.

Seventy-Nine U.S. Currency ($2,279.00). [Doc. 1 at 1, ¶ 4.]  Claimant was identified as a person

who may claim an interest in the Defendant Currency. [Id. at 2, ¶ 5.]  On September 12, 2011,

Plaintiff filed a Notice of Publication stating that a Notice of Forfeiture was published on

www.forfeiture.gov for at least 30 consecutive days beginning on July 28, 2011. [Doc. 4.] In

addition to Plaintiff's Notice of Publication, Plaintiff served Claimant directly.  A returned and

executed Summons issued to Claimant was filed on November 29, 2011, indicating that

Claimant's criminal attorney, David L. Plotsky, had accepted service on Claimant's behalf on

October 21, 2011. [Doc. 8.] A second returned and executed Summons was filed on December 1,

2011, indicating that Claimant had been personally served on September 20, 2011.[2] [Doc. 10.]

Attached to the Complaint served on Claimant was a "Notice of Complaint for Forfeiture

Against Property" notifying Claimant that he had thirty-five (35) days to file a verified claim

with the Clerk of the Court in order to assert an interest in or claim against the Defendant

Currency. [Doc. 9 at 2.] Thirty-five days from personal service was October 25, 2011.  Thirty-

five days from service accepted on behalf of Claimant by his attorney was November 25, 2011.

[Doc. 9 at 2.]

On November 16, 2011, Claimant filed a Refusal to Consent to Proceed before the

assigned Magistrate Judge. [Doc. 5.] On the same date, Claimant also sent a letter to the Court

asking that the forfeiture proceeding be postponed until his criminal case was decided because

he was concerned that issues brought up in the forfeiture case regarding the Defendant Currency

"will contaminate evidence necessary to protect myself in the criminal case against me[.]"

[Doc. 6.]  On November 20, 2011, Plaintiff filed a Response to Claimant's request for

---

[2]  The Process Receipt and Return indicates Claimant's address is Torrance County Detention Center, but that he was served on September 20, 2011, at 8:44 a.m., at 333 Lomas Blvd., Suite 180, Albuquerque, NM 87102.

postponement and pointed out that Claimant had not yet filed a verified claim in this action and therefore lacked statutory standing to request a stay. [Doc. 9 at 3.]  On March 29, 2012, District Judge Martha Vázquez entered an Order Denying Motion for Stay stating that Claimant had pled guilty to the offenses in his criminal case rendering his motion for stay moot.[3]  [Doc. 12.]  The Court docket indicates that a copy of Judge Vázquez's Order was mailed via USPS to Claimant as follows:

> Donald Dale Duncan
> #310042
> Torrance County Detention Center
> 2-B-8
> Post Office Drawer 837
> Estancia, NM 8701

On May 10, 2013, Plaintiff filed a Praecipe requesting entry of default pursuant to Fed. R. Civ. P. 55(a).  [Doc. 15.]  Plaintiff stated therein, *inter alia*, that Claimant had been personally served by the United States Marshals Service and provided notice that he must file a verified claim within thirty-five (35) days in order to assert his interest in the Defendant Currency. [Id.] Plaintiff also stated that it had additionally informed Claimant via its response to Claimant's request for a postponement that Claimant had not filed a verified claim as required. [Id.]  Despite the notice and information provided to Claimant, Claimant had not filed a claim or an answer in response to Plaintiff's Verified Complaint for Forfeiture *in Rem*. [Id.] As such, Plaintiff requested entry of default given that Claimant, as well as any unknown claimants with any interest in the Defendant Currency, had not filed a claim or answer within the time prescribed by

---

[3]  Subsequent to Claimant's guilty plea, he requested that new counsel be appointed because he was unhappy with his decision to plead guilty and believed that ineffective assistance of counsel caused him to do so. [USDC NM Cr. No. 11-544 MV, Doc. 33.] On January 8, 2013, Judge Vázquez entered an Order Granting Motion to Withdraw allowing Claimant's counsel to withdraw and ordering the Clerk of the Court to appoint new counsel. [USDC NM Cr. No. 11-544 MV, Doc. 37.] On March 16, 2013, Claimant was appointed new counsel. [USDC Cr. No. 11-544 MV, Doc. 42.]

law and were in default. [Id.] In addition to its Praecipe, Plaintiff filed a Motion for Default Judgment incorporating by reference the statements in the Praecipe, and filed a Motion for Certificate of Reasonable Cause. [Docs. 17 and 18.]

On May 16, 2013, Claimant filed a Response to Plaintiff's Motion for Default Judgment and Motion for Certificate of Reasonable Cause. [Doc. 19.] In his Response, Claimant states that "to the best of his memory and beliefs that no Complaint for Forfeiture or Notice of Forfeiture Against Property copies were ever presented to him at the Torrance County Detention Center by the U.S. Marshals Service." [Id.] That said, Claimant admits to submitting his refusal to proceed before a magistrate judge and to requesting a postponement of the forfeiture proceedings "solely believing that having any court hearings to determine the status of the seized currency in this case prior to the criminal hearing would prejudice the criminal case." [Id.] Claimant also states that Judge Vázquez's Order denying his request for a stay "has not been provided to the Claimant and Claimant has felt secure in his belief that the motions had in fact been accepted and agreed to by the Court" because he received notice of the magistrate judge reassignment and that a status conference had been scheduled by Magistrate Judge Alan C. Torgerson for July 3, 2013. [Id.] Claimant contends that he can establish ownership of the currency, but cannot do this until after the completion of the criminal portion of his case. [Id.]

On June 3, 2013, Plaintiff filed its Reply and argues that because the Claimant lacks standing in this action, his response should be stricken and default judgment should be entered. [Doc. 21 at 1.] Plaintiff argues that Claimant was instructed twice of the requirement to file a verified claim herein and has nonetheless failed to do so. [Id. at 2.] Because Claimant has failed to file both a verified claim and either an answer to the complaint or a motion under Rule 12

within 21 days after filing his claim, the Claimant lacks the required statutory standing to contest a civil forfeiture. [Id.]

## RELEVANT LAW

Supplemental Rule G of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims "governs a forfeiture action in rem arising from a federal statute." Supp. R. G(1). Supplemental Rule G(4)(a) relates to notice by publication. It states: "A judgment of forfeiture may be entered only if the government has published notice of the action within a reasonable time after filing the complaint or at the time the court orders." Supp. R. G(4)(a)(i). The notice must, unless the court orders otherwise: (i) "describe the property with particularity;" (ii) "state the times under Rule G(5) to file a claim and to answer;" and (iii) "name the government attorney to be served with the claim and answer." Supp. R. G(4)(a)(ii). Supplemental Rule G(4)(b) relates to notice to known potential claimants. It states: "The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." Supp. R. G(4)(b). The notice must state: (i) the date the notice is sent; (ii) "a deadline for filing a claim, at least 35 days after the notice is sent;" (iii) "that an answer or motion under Rule 12 must be filed no later than 21 days after filing the claim;" and (iv) "the name of the government attorney to be served with the claim and answer." Supp. R. G(4)(b)(ii).

Supplemental Rule G(5) sets forth the deadlines for filing claims, which are based on the means of notice applicable to the claimant, as follows:

**(a) Filing a Claim.**

    **(i)**    A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:

        **(A)**    identify the specific property claimed;

        **(B)**    identify the claimant and state the claimant's interest in the property;

        **(C)**    be signed by the claimant under penalty of perjury; and

        **(D)**    be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

    **(ii)**    Unless the court for good cause sets a different time, the claim must be filed:

        **(A)**    by the time stated in a direct notice sent under Rule G(4)(b);

        **(B)**    if notice was published but direct notice was not sent to the claimant or the claimant's attorney, no later than 30 days after final publication of newspaper notice or legal notice under Rule G(4)(a) or no later than 60 days after the first day of publication on an official internet government forfeiture site[.]

Supp. R. G(5)(a)(bold in original).

The filing of a claim "insures that '[a]ny party who wishes to defend a forfeiture action [will] be forced to swear his interest in the forfeited property.'" *United States v. U.S. Currency in Sum of Two Hundred Sixty One Thousand, Four Hundred and Eight Dollars ($261,480)*, 2002 WL 827420, at *1 n. 3 (E.D.N.Y. May 2, 2002).  The requirement that a claimant timely file a verified claim serves two purposes.  First, it forces the claimant to come forward as soon as possible after the forfeiture proceedings are initiated, so that the court may hear all interested parties and resolve the dispute without delay.  *United States v. 51 Pieces of Real Prop. Roswell,*

*N.M.*, 17 F.3d 1306, 1318 (10th Cir.1994). Second, by requiring verification, it prevents false claims. *Id.*

In order to contest a civil forfeiture, a civil claimant must have both statutory standing and standing under Article III. *United States  v. 1988 BMV*, 798 F.Supp.2d 896, 900 (S.D.Ohio 2010). To satisfy Article III standing at the pleading stage, a claimant must allege a sufficient interest in the seized property, such as an ownership interest, some type of lawful possessory interest, or a security interest. *United States v. Real Property Known as 7501 N.W. 210th Street, Oklahoma City, Oklahoma*, 437 Fed.Appx. 754, 758 (10th Cir. 2011). Statutory standing is gained through compliance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *United States  v. 1988 BMV*, 798 F.Supp.2d at 900. Rule G requires that a claimant serve and file, in the court in which the forfeiture action is pending, both a verified claim and either an answer to the complaint or a motion under Rule 12 within 21 days after filing the claim. *Id.* "The dictates of Rule [G] are relatively plain and the case law applying it repeatedly states that compliance must be strict." *United States v. Funds in the Amount of $101,048.79 From Account Number 439002219499 Bank of* America, 2012 WL 4498897 (D.N.M.)(quoting *United States v. $5,730.00 in U.S. Currency*, 109 F. App'x 712, 714 (6th Cir.2004).

Although the district court has discretion to extend the time in which a claimant must file a claim, "the court's discretion is not unbounded." *United States v. 51 Pieces of Real Property, Roswell, New Mexico*, 17 F.3d 1306, 1318 (10th Cir. 1994)(quoting *United States v. 1982 Yukon Delta Houseboat*, 774 F.2d 1432, 1436 (9th Cir.1985)). The court should exercise its discretion to allow a late claim only if "the goals underlying the time restriction and the verification requirement are not thwarted." *Id.* A court may also allow a claim to be filed out of time on a

showing of excusable neglect.  *United States v. Borromeo*, 945 F.2d 750, 753 (4th Cir. 1991).

Some of the factors courts consider in determining excusable neglect include when the claimant

became aware of the seizure, whether the claimant was properly served, whether the government

would be prejudiced, whether the government encouraged the delay or misguided the claimant,

whether the claimant informed the government and the court of his interest before the deadline,

whether the government has complied with procedural rules, and whether the claimant was

proceeding *pro se. Id.* (citations omitted).  "Among these, perhaps the most important is the

degree of prejudice to the government." *Id.* at 754 (citing *United States v. $103,387.27*, 863

F.2d 555, 562 (7th Cir. 1988)).

<u>**ANALYSIS**</u>

The present action is an *in rem* civil action instituted by the United States against the

property at issue; thus, the property, $2,279.00, is the Defendant in the action and the United

States is the Plaintiff.  A person claiming seized property is not a party to the action, but is a

third-party intervenor who must have independent standing if the intervenor would be the only

party litigating the case.  *United States v. $5,565.00 in United States Currency*, 2010 WL

4256211 (D. Colo.)(citation omitted).  "A party who fails to file a claim normally lacks standing

to contest a forfeiture." *Id.* (quoting *United States v. One-Sixth Share*, 326 F.3d 36, 41 (1st Cir.

2003)).  Here, it is undisputed that Claimant failed to file either a verified claim or an answer in

this action.  Accordingly, Claimant lacks standing to challenge the entry of default judgment

against the funds at issue.

Claimant's argument that he was not served with either Plaintiff's Verified Complaint

and the attached Notice of Forfeiture Against Property or Judge Vázquez's Order Denying

Motion for Stay is disingenuous in light of both Claimant's admissions and the record.  While

8

Claimant states that he was not served, he nonetheless admits he returned a refusal to consent form and requested the Court postpone any forfeiture proceedings – actions he would not have taken but for having been served.  Furthermore, the docket in this case clearly indicates a copy of Judge Vázquez's Order was mailed to Claimant at the place of his confinement.  There is no indication on the Court's docket that the Order was returned as undeliverable.  Claimant's statement that "to the best of my memory and belief" these documents were never "presented to him" does not overcome the presumption they were properly delivered.

Moreover, the "excusable neglect" equities do not favor Claimant in this case.  First, Claimant was properly served not once but twice – once when he was personally served on September 20, 2011, and once again when his criminal lawyer accepted service on his behalf on October 21, 2011.  As part of each service, Claimant was put on notice that in order to assert an interest in or claim against the Defendant Currency, he "must file a verified claim with the Clerk of this Court pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claim, thirty-five (35) days after the notice is sent."  Second, Claimant was informed on November 20, 2011, in Plaintiff's response to his request to postpone the forfeiture proceedings, that he had not yet filed a verified claim and therefore lacked standing.  Third, Claimant was notified on March 29, 2012, that his request to postpone the forfeiture proceedings had been denied.  Fourth, although Claimant has clearly known about the forfeiture proceedings, his communications with the Court affirmatively state that he has been purposely waiting until after his criminal proceedings were concluded so as not to become entangled in the criminal action.  Fifth, while the Court acknowledges that Claimant is *pro se*, his *pro se* status has not hindered him from communicating with the Court during the proceedings.

9

Despite the notices provided to Claimant that he needed to file a verified claim, despite the information provided to Claimant in Plaintiff's response regarding his failure to file a verified claim, and despite Judge Vázquez's Order denying Claimant's request to postpone the forfeiture proceedings, *at no time* did Claimant attempt to file a timely or untimely verified claim with the Clerk of this Court. Because Claimant failed to file a verified claim within the time prescribed by law, Claimant has failed to meet his burden to establish statutory standing to bring a claim in this civil forfeiture action.

<u>**CONCLUSION**</u>

For the foregoing reasons, this Court recommends that Plaintiff's Motion for Default Judgment [Doc. 17] and Motion for Certificate of Reasonable Cause [Doc. 18] be **GRANTED**.

Timely objections may be made pursuant to 28 U.S.C. § 636(b)(1)(c). Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court for the District of New Mexico. A party must file any objections within the fourteen (14) days period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.


_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**

10